DAN M. LEE, Justice,
for the Court:
This is an appeal from the Circuit Court of Washington County wherein John Henry Johnson, plaintiff/appellee, brought suit against Harry L. Dorsey, a chiropractor, defendant/appellant, for negligent treatment which ultimately resulted in the amputation of Johnson’s left leg above the knee. The trial court found Dorsey was negligent as a matter of law because he purported to practice medicine without being a physician. The jury was peremptorily instructed on the issue and thereafter returned a verdict in favor of Johnson. Damages were assessed at $40,000 actual damages and $10,000 punitive damages. We reverse.
John Henry Johnson, a 71-year-old man, was treated for hypertension, diabetes, degenerative joint disease (arthritis), gastritis, mild congestive heart failure and arterio-sclerotic heart disease subsequent to 1974 at the Hollandale Clinic. Johnson had worked most of his life as a floor finisher. Johnson, however, described his health as good prior to 1978 except for his arthritis and poor circulation.
Harry L. Dorsey, a chiropractor, began treating Johnson in November of 1974. Johnson began seeing Dr. Dorsey on a regular basis in March of 1978 for treatment of his arthritis. On April 14, 1980, Johnson went to Dr. Dorsey’s for his scheduled appointment. Dr. Dorsey asserted he washed Johnson’s left foot before placing him on a medcolator due to the smell emanating from Johnson’s foot and his past habits of using lighter fluid, kerosene, coal oil and mud poultices on his foot. Johnson testified the machine used on his foot was a shortwave diathermy, which applies deep heat. Dr. Dorsey and his assistant denied this machine was used on Johnson.
After Johnson was placed on the machine, Dr. Dorsey left the room but returned shortly thereafter when Johnson began screaming that the machine was burning him. Dr. Dorsey denied that the machine burned Johnson’s foot; however, he sold Johnson a tube of ointment to treat the burn.
That evening Johnson’s foot began to turn dark. His foot was examined by Dr. Hill on April 17, 1978, and by Dr. Estess on May 19, 1978. Dr. Estess referred Johnson to Dr. Brooks. Upon Dr. Brooks’ recommendation, Johnson’s left leg was amputated above the knee. Although Dr. Brooks opined that Johnson’s poor circulation was the underlying problem, he asserted the burn or injury ultimately terminated in the loss of the leg.
The trial court peremptorily instructed the jury that Dr. Dorsey was negligent in his treatment of Johnson as a matter of law. The jury awarded Johnson $40,000 in actual damages and $10,000 in punitive damages for loss of his leg.
Did the trial court err in peremptorily instructing the jury as to appellant’s negligence?
The proof in the case at bar established that appellee was treated by the use of one of two machines on April 14, 1978. Appel-lee identified the machine as a shortwave diathermy. According to appellant, appel-lee was treated with a medcolator, a non-heat-producing device, on April 14, 1978. The evidence as to which machine was used in appellee’s treatment was in conflict and should have been left for resolution by the jury.
In White’s Lumber & Supply Co. v. Collins, 186 Miss. 661, 192 So. 312 (1939), we held:
Questions of fact, and matters of dispute in the evidence, are for the jury, . . . (186 Miss, at 683, 192 So. at 313)
Had the present case been submitted to the jury, the jury could well have chosen to accept the evidence of appellant and reject the evidence of appellee as to which machine was used on the day the injury occurred. Since there was a sharp conflict as to which machine was used, the granting of *1284 the peremptory instruction was error. The case is therefore reversed and remanded for a new trial.
REVERSED AND REMANDED.
PATTERSON, C. J., SMITH and SUGG, P. JJ., and WALKER, BROOM, ROY NOBLE LEE, BOWLING and HAWKINS, JJ., concur.